UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE BOLES, Jr.,

      Petitioner,

v.                                   CASE NO. 2:15-CV-10908
                                    HONORABLE ARTHUR J. TARNOW
BONITA HOFFNER,             UNITED STATES DISTRICT JUDGE

      Respondent,
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

**I. Introduction**

Robert Lee Boles, Jr., confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his 1978 conviction out of the Saginaw County Circuirt Court for first-degree murder. Because the Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the Court will transfer the matter to the Court of Appeals so that petitioner may seek permission to proceed.

**II. Background**

Petitioner was convicted of first-degree murder following a jury trial in the Saginaw County Circuit Court.

Petitioner previously filed a petition for writ of habeas corpus challenging

1

*Boles v. Hoffner,* U.S.D.C. No. 2:15-CV-10908 his 1978 conviction for first-degree murder, which was denied on the merits. *See Boles v. Foltz,* No. 82-CV-72544 (E.D. Mich. May 14, 1985); *aff'd* 816 F. 2d 1132 (6th Cir. 1987); *cert. den.* 484 U.S. 857 (1987).

Petitioner filed a second petition for writ of habeas corpus, which was transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second habeas petition. *Boles v. Elo,* No. 96-CV-75791 (E.D. Mich. December 20, 1996). The Sixth Circuit subsequently dismissed the case without prejudice for want of prosecution. *Boles v. Elo,* No. 97-105 (6th Cir. January 8, 1997).

Petitioner has subsequently been denied permission twice by the United States Court of Appeals for the Sixth Circuit to file a successive habeas petition. *In Re Boles,* No. 02-1729 (6th Cir. October 21, 2002); *In Re Boles,* No. 08-1351 (6th Cir. September 25, 2008).

Petitioner has now filed a petition for writ of habeas corpus, in which he claims that the cumulative effect of the various constitutional errors in his case had a substantial and injurious effect or influence on the jury verdict and denied him due process and a fair trial. Petitioner further argues that he is entitled to relief from the gatekeeping provisions of the AEDPA because the claims raised in his current petition would not have been barred under pre-AEDPA law. Petitioner seeks habeas relief on his 1978 first-degree murder conviction.

*Boles v. Hoffner,* U.S.D.C. No. 2:15-CV-10908

### III. Discussion

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus. The provisions of the AEDPA apply because petitioner filed his successive habeas application after the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Norris v. Konteh*, 67 F. Supp. 2d 833, 835 (N.D. Ohio 1999).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 825-26 (E.D. Mich.

*Boles v. Hoffner,* U.S.D.C. No. 2:15-CV-10908 2004). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 826; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).

Petitioner previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's first habeas petition was dismissed on the merits.

Moreover, to the extent that petitioner is contending that the Sixth Circuit erred in declining to grant him permission to file a second or successive habeas petition regarding the claims raised in his current petition, this Court would be without power to grant petitioner relief. A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 Fed. Appx. 312, 313-14 (6th Cir. 2001).

Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of

*Boles v. Hoffner,* U.S.D.C. No. 2:15-CV-10908 authorization. Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009). Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

## IV.  Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

s/Arthur J. Tarnow
**HONORABLE ARTHUR J. TARNOW**
**Dated: March 19, 2015**         **UNITED STATES DISTRICT JUDGE**